**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| LISA HENDERSON, | ) | Civil Action No.: 2:20-cv-3053 |
| | ) | |
| Plaintiff, | ) | Division: |
| | ) | |
| v. | ) | Section: |
| | ) | |
| POSIGEN, LLC, | ) | Judge: |
| | ) | |
| Defendant, | ) | Magistrate Judge: |
| | ) | |

**PLAINTIFF'S COMPLAINT**

Plaintiff, LISA HENDERSON ("Plaintiff"), by and through her attorneys, alleges the following against Defendant, POSIGEN, LLC ("Defendant"):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. ("TCPA").

2. Count II of Plaintiff's Complaint is based on the Louisiana Unfair Trade Practices and Consumer Protection Law, LA-R.S. § 51:1401, *et seq.* ("LUTPA").

3. In describing the importance of the TCPA, Senator Hollings, the TCPA's sponsor, said "I echo Supreme Court Justice Louis Brandeis, who wrote 100 years ago that 'the right to be left alone is the most comprehensive of rights and the one most valued by civilized man.'" 137 Cong. Rec. 30.821 (1991).

4. As the Seventh Circuit Court of Appeals wrote: "No one can deny the legitimacy of the state's goal: preventing the phone (at home or in one's pocket) from frequently ringing with unwanted calls. Every call uses some of the phone owner's time and mental energy, both of which are precious." *Patriotic Veterans v. Zoeller,* 845 F.3d 303, 305-306 (7th Cir. 2017).

1

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 1367.

6. This court has federal question jurisdiction because this case arises out of violations of federal law.  47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. This court has supplemental jurisdiction over the state claims alleged herein pursuant to 28 U.S.C. § 1367 it is "so related to claim in the action within such original jurisdiction that they form part of the same case or controversy."

8. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

9. Plaintiff is a natural person residing in Harvey, Jefferson Parish, State of Louisiana.

10. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is a Louisiana limited liability company based in the City of Jefferson, Jefferson Parish, State of Louisiana.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Within four (4) years of Plaintiff filing this Complaint, in or around November 2019, Defendant began calling Plaintiff's cellular telephone at 504-352-6702 for the purposes of

advertising or telemarketing.

15. Defendant calls Plaintiff from several numbers, including 504-229-3847, 504-835-2510, 504-208-1337, 504-293-6784, 504-835-2510, 504-208-5249, 504-293-5741, and 504-608-6053 which are just a sampling of Defendant's many telephone numbers.

16. When Plaintiff answers Defendant's calls, she is greeted with "dead air" whereby no person was on the other end of the line.

17. Defendant also sends text messages to Plaintiff's cellular telephone at 504-352-6702 for the purposes of advertising or telemarketing

18. A text message is a "call" as defined by the TCPA. *E.g., Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

19. In or around November/December 2019, Plaintiff first spoke to one of Defendant's representatives and told Defendant to stop calling Plaintiff.

20. Despite Plaintiff's request for Defendant to stop contacting Plaintiff, Defendant continued to call Plaintiff's cellular telephone unabated.

21. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

22. None of the calls Defendant made to Plaintiff were for an emergency purpose.

23. All of the calls Defendant made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

24. Plaintiff has never given to Defendant prior express written consent to contact Plaintiff as described herein.

25. Arguendo, even if Plaintiff provided Defendant with her cellular telephone number, Defendant failed to provide Plaintiff with clear and conspicuous disclosure that Defendant

would contact Plaintiff with an automatic telephone dialing system ("ATDS") and/or using a pre-recorded or artificial voice.

26. Even if at one point Defendant had prior express written consent to call Plaintiff's cellular telephone, Plaintiff revoked this consent as described above.

27. Within four (4) years of Plaintiff filing this Complaint, Defendant used an ATDS to call Plaintiff's cellular telephone.

28. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone using a pre-recorded or artificial voice.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

32. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

33. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

34. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

35. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple recipients.

36. The dead air that the Plaintiff experienced on the calls that she received is indicative of the

use of an ATDS. This "dead air" is commonplace with autodialing and/or predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

37. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express written consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;
   b. Electronically intruding upon Plaintiff's seclusion;
   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and
   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I:
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

38. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice without prior express written consent and/or after revocation of such consent, in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, LISA HENDERSON, respectfully requests judgment be entered against Defendant, POSIGEN, LLC for the following:

39. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

40. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

42. Any other relief that this Honorable Court deems appropriate.

### COUNT II:
### DEFENDANT VIOLATED THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW

43. When Defendant engaged in the foregoing misconduct, it committed an unfair or deceptive acts or practices in the conduct of any trade or commerce.

44. As a result of Defendant's misconduct, Plaintiff suffered an ascertainable loss of money or movable property, corporeal or incorporeal.

WHEREFORE, Plaintiff, LISA HENDERSON, respectfully requests judgment be entered against Defendant, POSIGEN, LLC for the following:

45. Actual damages pursuant to LA-R.S. § 51:1409(A);

46. Attorneys' fees and costs pursuant to LA-R.S. § 51:1409(A); and

47. Any other relief that this Honorable Court deems appropriate.

                                      Respectfully submitted,

Date: November 10, 2020

                                */s/ Samuel J. Ford*
                                Samuel J. Ford, Esq. #36081
                                HAIR SHUNNARAH TRIAL ATTORNEYS, LLC
                                4621 W. Napoleon Avenue
                                Metairie, LA 70001
                                Phone: (504) 684-5200
                                Fax: (504) 613-6351
                                ford@hairshunnarah.com
                                Attorney for Plaintiff